# Court of Appeals
# of the State of Georgia

ATLANTA,  January 31, 2023

*The Court of Appeals hereby passes the following order:*

**A23A0873. ANTHONY BAGGETT v. THE STATE.**

Anthony Baggett was convicted in November 2019 of child molestation and unlawful eavesdropping/surveillance. In July 2021, the Douglas County Superior Court denied Baggett's motion for new trial. After his attorney failed to file a timely notice of appeal, Baggett filed a motion for an out-of-time appeal. The trial court granted that motion on September 16, 2021, and Baggett filed a notice of appeal. The appeal was docketed in this Court on March 15, 2022. On that same day, the Supreme Court of Georgia issued its opinion in *Cook v. State*, 313 Ga. 471 (870 SE2d 758) (2022), which eliminated the judicially created out-of-time-appeal procedure. 313 Ga. at 506 (5). *Cook* also concluded that this holding would apply to "all cases that are currently on direct review or otherwise not yet final[,]" id., and directed that "pending and future motions for out-of-time appeals in trial courts should be dismissed, and trial court orders that have decided such motions on the merits . . . should be vacated if direct review of the case remains pending or if the case is otherwise not final." Id. at 505 (4). Pursuant to *Cook*, we vacated the order granting Baggett an out-of-time appeal and remanded the case for the trial court to dismiss Baggett's motion. *Baggett v. State*, Case No. A221151 (decided April 22, 2022).

Following the dismissal of his motion for an out-of-time appeal, Baggett filed a habeas corpus petition in Mitchell County Superior Court against Walter Berry, the warden of the Mitchell County Correctional Institute, where Baggett is incarcerated. After an evidentiary hearing, the court found that Baggett had been deprived of his right to a direct appeal as a result of ineffective assistance of counsel, granted his habeas corpus petition, and found that he was entitled to the requested relief. Thus,

the Mitchell County court granted Baggett a direct appeal and gave him 30 days from the date of the order to file that appeal. Baggett then filed a timely notice of appeal.

Under Georgia's Constitution, the Supreme Court of Georgia has exclusive appellate jurisdiction over all cases involving habeas corpus. See Ga. Const. 1983, Art. VI, Sec. VI, Par. III (4). Given that Baggett's appeal is inextricably intertwined with the grant of habeas relief, we hereby TRANSFER this case to the Supreme Court for disposition.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 01/31/2023

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*